UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JOAN DAMATO,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, JOAN DAMATO, by and through her undersigned attorneys and hereby sues Defendants, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINES ("CARNIVAL"), and alleges:

**JURISDICTION, VENUE, AND PARTIES**

1. Plaintiff, JOAN DAMATO, is a resident and citizen of the State of Florida.

2. CARNIVAL is a Panamanian corporation with its principal place of business in Miami-Dade County, Florida.

3. CARNIVAL accordingly is a citizen both of Panama and of Florida for jurisdictional purposes.

4. This Court has jurisdiction over this matter pursuant to 28 USC §1333(1) (admiralty) and the contractual language contained in the cruise ticket.

5. At all material times, Defendant CARNIVAL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of

        Florida, so that in personam jurisdiction over the Defendant exists in the United States District Court for the Southern District of Florida.

6. At all material times, CARNIVAL has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7. In the operative ticket contract, CARNIVAL requires fare paying passengers such as the Plaintiff, to bring any lawsuit against CARNIVAL arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

8. Venue is also proper in this district because CARNIVAL's principal places of business are located within this district.

9. Plaintiff has complied with all conditions precedent to bringing this action.

## GENERAL ALLEGATIONS

10. At all material times, CARNIVAL was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the *Carnival Miracle*.

11. At all material times, including the injury date of July 18, 2024, Plaintiff was a fare paying passenger aboard the *Carnival Miracle* (herein the "subject vessel") and in that capacity was lawfully present aboard the vessel.

12. On July 18, 2024, Plaintiff was on the Deck Two (2) adjacent to the Sports Bar and the Casino (herein the "subject area").

13. Suddenly and without warning, Plaintiff tripped and fell on a defective condition as she was walking across the casino floor surface. Plaintiff fell onto her right knee and attempted to arrest her fall with her right hand and right arm. She felt immediate pain in her right

hand and right arm. As a result of this trip and fall, Plaintiff suffered serious injuries including fractures to her right hand and right arm requiring surgery.

14. After the subject incident, Plaintiff noticed a defective condition on the subject floor, upon information and belief, believed to be an uneven and/or mis-leveled floor surface. Prior to the incident, the dangerous condition was not apparent to Plaintiff.

15. Defendant is on notice of numerous prior substantially similar incidents involving passengers suffering trip and falls in the casino area including, but not limited to:

    a. See *Marc Shutta v. Carnival Corporation*, Case No.: 2020-cv-20917 (On May 18, 2019, a passenger tripped and fell onboard *Carnival* Pride within the Casino bar.);

    b. See *Lois Plasterer v. Carnival Corporation*, Case No.: 2022-cv-22446 (On October 9, 2021, a passenger tripped and fell on a threshold onboard *Carnival Horizon* within the Casino.);

    c. See *Patricia Marie Shideler v. Carnival Corporation*, Case No.: 2023-cv-21235 (On April 3, 2022, a passenger tripped and fell on a floor transition onboard *Carnival Vista* in the Casino.)

    d. See *Linda Taylor v. Carnival Corporation*, Case No.: 2024-cv-21216 (On April 1, 2023, a passenger tripped and fell on a floor transition onboard *Carnival Magic* from the Casino towards the elevators.)

    e. See *Carol Smith v. Carnival Corporation*, Case No.: 25-cv-20111-RS (On September 12, 2023, a passenger onboard the *Carnival Valor* tripped and fell on a floor transition within the Casino.)

16. Actual notice exists where a defendant recognizes the need to take corrective action. See *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1288-89 (11th Cir. 2015). The maintenance

and/or cleaning team is the type of corrective action evincing actual knowledge of danger posed by uneven, misaligned, unlevel and/or hazardous floor services.

17. Regardless of the maintenance and/or cleaning team, it has always been Carnival's policy that every crew member's job involves looking out for things that need to be addressed. See *Holderbaum v. Carnival Corporation*, Case No.: 2013-cv-24216 (Deposition of Corporate Representative Monica Petisco, p. 86:6-19.) The immediate cause of an incident would be lack of supervision and diligence by crew assigned to the area. *Id.* at p. 105.

## COUNT I – NEGLIGENT INSPECTION AND MAINTENANCE

Plaintiff re-alleges all allegations pled in paragraphs 1 through 17 above as if alleged fully herein.

18. At all material times, including the injury date of July 18, 2024, the subject vessel was owned, operated, and controlled by CARNIVAL.

19. At all material times, CARNIVAL owed Plaintiff, as a fare-paying passenger lawfully onboard a passenger vessel it operated, a duty of reasonable care under the circumstances, including the duty to take reasonable steps to maintain the subject area where Plaintiff fell, in a reasonably safe condition.

20. Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

    a. Failure to maintain the subject area in a reasonably safe condition;

    b. Failure to perform maintenance in the subject area including the responsibility to inspect the subject area and walking surfaces for the dangerous condition including that it becomes uneven, misaligned, and/or unlevel;

    c. Failure to timely correct those hazardous conditions when they were or should have been discovered and detected;

   d. Failure to adequately and regularly inspect the subject area to determine whether the walking surface was unreasonably dangerous including that it was left, or became, unreasonably uneven, misaligned, and/or hazardous;

   e. Failure to maintain the walking surface of the subject area in a reasonably safe condition considering the anticipated use, which included regular use by passengers;

   f. Failure to adequately and regularly monitor the subject area to maintain it free of known, foreseeably dangerous conditions including uneven, misaligned, unlevel and/or hazardous walking surfaces;

   g. Failure to adequately and regularly monitor the subject area to test and determine if, over time, the walking surface of the subject area had become unreasonably uneven, misaligned, unlevel and/or hazardous, requiring resurfacing or other foreseeable corrective measures; and/or

   h. Failure to ensure that the subject area is adequately and regularly inspected, monitored, and maintained free of dangerous conditions including that the walking surface was unreasonably uneven, misaligned, unlevel and/or hazardous.

21. At all material times, CARNIVAL knew or should in the exercise of reasonable care have known of the dangerous condition of the subject area as referenced above.

22. CARNIVAL's actual or constructive knowledge was derived from prior use of the same or substantially similar area(s), prior trip and fall instances on the same or similarly configured areas, industry standards regarding such areas, the recurring nature of the dangerous conditions on the Casino area, and the length of time the area had been in an

unsafe condition before the Plaintiff was injured, a length of time sufficient to invite corrective measures.

23. Notwithstanding CARNIVAL's actual or constructive knowledge of the dangerous condition of the subject area where Plaintiff fell, CARNIVAL failed before the time of the Plaintiff's injury to take reasonable measures to maintain the subject area in a reasonably safe condition by correcting its dangerous condition, by closing the subject area. CARNIVAL thereby failed to exercise reasonable care for the safety of its passengers, including the Plaintiff, and was thereby negligent.

24. At all material times the dangerous condition of the subject area referenced above was neither known, open, nor obvious to Plaintiff.

25. As a direct and proximate result of CARNIVAL's negligence, as described above, the Plaintiff tripped and fell and has thereby sustained and will continue in the future to sustain the damages as alleged.

26. As a direct and proximate result of the fall described above, Plaintiff was injured in and about her body and extremities. She suffered pain therefrom, mental anguish, disfigurement, and the inability to lead a normal life. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses as a result of her injuries, the future medical and health care expenses being reasonably certain to occur. She also sustained aggravation or acceleration of preexisting conditions. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

WHEREFORE, the Plaintiff demands judgment against CARNIVAL for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical

impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

## COUNT II – NEGLIGENT FAILURE TO WARN

Plaintiff re-alleges all allegations pled in paragraphs 1 through 17 above as if alleged fully herein.

27. At all material times, including the injury date of July 18, 2024, the subject vessel was owned, operated, and controlled by CARNIVAL.

28. At all material times, CARNIVAL owed Plaintiff, as a fare-paying passenger lawfully onboard the subject vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to warn passengers, such as Plaintiff.

29. Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

   a. Failing to adequately warn of fall risks created by the condition of the subject area and/or the Casino walking surface, including uneven, misaligned, unlevel and/or hazardous surfaces, in order to ensure the safety of including the Plaintiff;

   b. Failure to warn the Plaintiff of the unreasonably dangerous condition of the subject area and/or Casino Deck walking surface;

   c. Failure to warn the Plaintiff that the subject area and/or Casino Deck walking surface contained defective conditions on the walking surface that are unreasonably uneven, misaligned, unlevel and/or hazardous;

    d. Failure to warn passengers and the Plaintiff of other accidents previously occurring in same subject area.

30. At all material times, CARNIVAL knew or should in the exercise of reasonable care have known of the dangerous condition of the subject area as referenced above.

31. CARNIVAL's actual or constructive knowledge was derived from prior use of the same and/or substantially similar area(s), prior trip and fall instances on the same or similarly configured areas, industry standards regarding such areas, the recurring nature of the dangerous conditions in the Casino Deck and/or on the subject area, and the length of time the area had been in an unsafe condition before the Plaintiff was injured, a length of time sufficient to invite corrective measures.

32. Notwithstanding CARNIVAL's actual or constructive knowledge of the dangerous condition of the walking surface and/or subject area where Plaintiff fell, CARNIVAL failed, before the time of the Plaintiff's injury, to take reasonable measures to maintain the walking surface in the subject area in a reasonably safe condition by correcting its dangerous condition. CARNIVAL thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

33. At all material times the dangerous condition of the subject area referenced above was neither known, open nor obvious to the Plaintiff.

34. As a direct and proximate result of CARNIVAL's negligence as described above the Plaintiff tripped and fell and has thereby sustained and will continue in the future to sustain the damages alleged above.

35. As a direct and proximate result of the fall described above, Plaintiff was injured in and about her body and extremities. She suffered pain therefrom, mental anguish,

disfigurement, and the inability to lead a normal life. Furthermore, she incurred medical, hospital, and other out-of-pocket and health care expenses as a result of her injuries, the future medical and health care expenses being reasonably certain to occur. She also sustained aggravation or acceleration of preexisting conditions. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

WHEREFORE, Plaintiff demands judgment against CARNIVAL for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

## **COUNT III – NEGLIGENCE**

Plaintiff re-alleges all allegations pled in paragraphs 1 through 17 above as if alleged fully herein.

36. At all material times, including the injury date of July 18, 2024, the subject vessel was owned, operated, and controlled by CARNIVAL.

37. At all material times, CARNIVAL owed the Plaintiff, as a fare-paying passenger lawfully onboard the subject vessel it operated, a duty of reasonable care.

38. Defendant and/or its agents, servants and/or employees breached its duty of reasonable care under the circumstances to Plaintiff through the following acts and/or omissions:

    a. Failure to provide a reasonably safe subject area and free of dangers including being unreasonably uneven, misaligned, unlevel and/or hazardous.

39. At all material times, CARNIVAL knew or should in the exercise of reasonable care have known of the dangerous condition of the Casino Deck walking surface and/or subject area as referenced above.

40. CARNIVAL's actual or constructive knowledge was derived from prior use of the same or substantially similar area(s), prior trip and fall instances on the same and/or similarly configured areas, industry standards regarding such areas, the recurring nature of the dangerous conditions in the area, and the length of time the area had been in an unsafe condition before the Plaintiff was injured, a length of time sufficient to invite corrective measures.

41. Notwithstanding CARNIVAL's actual or constructive knowledge of the dangerous condition of the Casino Deck walking surface and/or subject area where Plaintiff fell, CARNIVAL failed before the time of the Plaintiff's injury to take reasonable measures to maintain walking surface in the Casino area and/or subject area in a reasonably safe condition by correcting its dangerous condition. CARNIVAL thereby failed to exercise reasonable care for the safety of its passengers, including the Plaintiff and was thereby negligent.

42. At all material times the dangerous condition of the subject area referenced above was neither known, open nor obvious to the Plaintiff.

43. As a direct and proximate result of CARNIVAL's negligence as described above the Plaintiff tripped and fell and has thereby sustained and will continue in the future to sustain the damages alleged above.

44. As a direct and proximate result of the fall described above, Plaintiff was injured in and about her body and extremities. She suffered pain therefrom, mental anguish,

disfigurement, and the inability to lead a normal life. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses as a result of her injuries, the future medical and health care expenses being reasonably certain to occur. She also sustained aggravation or acceleration of preexisting conditions. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

WHEREFORE, the Plaintiff demands judgment against CARNIVAL for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

## **DEMAND FOR ADVISORY JURY TRIAL**

Plaintiff hereby demands trial by jury of all issues so triable of right. This matter is being filed pursuant to Defendant's federal forum selection clause within its passenger ticket contract and, because there is no diversity among the parties, it is brought under the admiralty and maritime jurisdiction of the Court. This is an admiralty or maritime claim within the meaning of Rule 9(h). Plaintiff requests an advisory jury trial pursuant to the remedies saved under the Saving to Suitors Clause of 28 U.S.C. §1333. See *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454-55 (2001) ("Trial by jury is an obvious... example of the remedies available to suitors."); see also *Suzuki of Orange Park, Inc. v. Shubert*, 86 F.3d 1060, 1063 (11th Cir. 1996). It is within the discretion of the court to allow for an advisory jury in an admiralty or maritime claim.

**Submitted this 14th day of October 2025.**

By:<u>*/s/ Glenn J. Holzberg*</u>
GLENN J. HOLZBERG
Florida Bar No.: 369551
LOUIS M. HOLZBERG
Florida Bar No.: 1011340

**HOLZBERG LEGAL**
Counsel for Plaintiff
7685 SW 104th Street
Suite 220
Miami, Florida 33156
Telephone: (305) 668-6410
Facsimile: (305) 667-6161